UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JONATHAN HAROLD,

                              Plaintiff,

                     -against-

Police Officer GERARD JONES, Shield No. 4238; Police Officer MELONI STEPHENS, Shield No. 10864; Sergeant JESSE TERLINSKY, Shield No. 3063; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 6399 (SLT) (RER)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jonathan Harold ("plaintiff" or "Mr. Harold") is a resident of Queens County in the City and State of New York.

7. Defendant Police Officer Gerard Jones, Shield No. 4238 ("Jones"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jones is sued in his individual and official capacities.

8. Defendant Police Officer Meloni Stephens, Shield No. 10864 ("Stephens"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Stephens is sued in her individual and official capacities.

9. Defendant Sergeant Jesse Terlinsky, Shield No. 3063 ("Terlinsky"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Terlinsky is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 5:15 p.m. on October 17, 2014, Mr. Harold was lawfully present in the vicinity of 101st Street and 37th Avenue in Corona, New York.

14.     Mr. Harold was standing on the sidewalk near a Laundromat where he was washing his clothes.

15.     Mr. Harold was having a conversation on his cell phone when several of the defendants approached him.

16.     The officers lacked reasonable suspicion to stop or detain Mr. Harold and he was doing nothing illegal.

17.     The officers demanded identification and plaintiff complied.

18.     Mr. Harold explained to the officers, in sum and substance, that he was waiting for his laundry and had committed no crime.

19.     Upon arrival of a John Doe Sergeant and his driver, plaintiff was arrested, in the absence of even reasonable suspicion, let alone arguable probable cause.

20.     At the precinct the officers falsely informed employees of the Queens

County District Attorney's Office that they had observed plaintiff engage in disorderly conduct, obstruct governmental administration and resist arrest.

21. At no point did the officers observe plaintiff commit any crime or offense.

22. Plaintiff was then taken to Queens Central Booking.

23. After spending approximately eighteen hours in custody, plaintiff was arraigned in Queens County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal and plaintiff was released.

24. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The individual defendants created false evidence against plaintiff.

33. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

34. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse Of Process

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants issued legal process to place plaintiff under arrest.

38.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to subject him to the humiliation and discomfort of arrest.

39.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: March 6, 2015
New York, New York

                                                HARVIS WRIGHT & FETT LLP

                                                _____
                                                Gabriel Harvis
                                                305 Broadway, 14th Floor
                                                New York, New York 10007
                                                (212) 323-6880
                                                gharvis@hwf.nyc

                                                *Attorneys for plaintiff*